**ALBERT L. HENTHORN and DOROTHY J. HENTHORN,**
**Plaintiffs**

v.

**HARVEY A. TAYLOR and ALICE I. TAYLOR, Defendants**

Civil No. 298-1967

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

September 29, 1967

HOFFMAN, *Municipal Judge*

MEMORANDUM OPINION

The Court has carefully reviewed plaintiffs' memorandum on the resubmission granted by the Court on September 19, 1967.[1] Defendants have not submitted a mem-

[1] For prior findings of fact, conclusions of law, order in this case, see p. 117, this volume.

orandum in opposition. On reconsideration, the Court AFFIRMS its original order of dismissal in this case.

In Kress v. Downing, 4 V.I. 261 (1961), Senior Judge Maris at page 288 stated, "Enough has been said, I think, to indicate how urgently the Rent Control Law of the Virgin Islands needs amendment to bring it into line with constitutional requirements and the reality of economic conditions existing in the Territory." The Legislature, however, has not yet seen fit to act.

Although the District Court did hold, at page 274, "that sections 831 to 846, both inclusive, of Title 28, of the Virgin Islands Code, comprising the Territorial Rent Control Law, no longer can have any application to housing accommodations which rent for more than $175.00, per month or to business accommodations," it does not follow, as counsel for plaintiffs argues, that section 789 of Title 28, is no longer suspended by virtue of subsection (c) thereof. The Court holds that the suspension of section 789 will continue until such time as the Legislature of the Virgin Islands by resolution or act declares otherwise. The Legislature has suspended the operation of a statute and provided that the statute remain suspended until the Legislature again acts. It is one thing to do as the District Court did in Kress and declare a statute inapplicable to a particular set of facts or conditions. It is entirely another by judicial fiat to declare a statute operative when the Legislature has specifically suspended it and provided that it shall remain suspended until the Legislature declares otherwise.

The Legislature might well direct its attention to the Landlord and Tenant provisions of the Code in the light of the ruling in Kress, so that the conflicting interpretations resulting from the ruling in this case can be resolved. Statutory reform is a legislative and not a judicial function.